Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLP**
25 Prospect Street
Morristown, New Jersey 07960
(973) 993-5161
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o BEAD INDUSTRIES,
INC.,

        Plaintiff,

  - against –

COSCO CONTAINER LINES CO. LTD, MARE
CONSOLIDATION CO. LTD and MAHER
TERMINALS, LLC,

        Defendants.

------------------------------------------------------------------X

2013 Civ.

**COMPLAINT**

Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o BEAD INDUSTRIES, INC., by and through its attorneys, Casey & Barnett LLP, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(a)(2) as a substantial part of the events giving rise to the claim occurred within this judicial district.

## PARTIES

3. At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 1133 Avenue of the Americas, New York, New York 10036-6710 and is the subrogated underwriter of a consignment of 12 pallets of steel, stainless steel, and brass ball chains, as described below.

4. At all material times, BEAD INDUSTRIES, INC. (hereinafter "Bead Industries") was and is a corporation with an office and place of business located at 11 Cascade Boulevard, Milford, Connecticut 06460, and is the owner and shipper of a consignment of 12 pallets of steel, stainless steel, and brass ball chains, as described below.

5. At all material times, defendant, COSCO CONTAINER LINES CO. LTD. (hereinafter "COSCO" or "defendant") was and is a corporation with an office and place of business located at 110 Lightning Way, Secaucus, New Jersey 07094 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

6. At all material times, defendant, MARE CONSOLIDATION CO. LTD (hereinafter "Mare" or "defendant") was and is a corporation with an office and place of business located at 3F UTL Dongkyo Building, #154-25, Dongkyo-Dong, Mapo-Gu, Seoul, Korea, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel-owning common carrier.

7. At all material times, defendant, MAHER TERMINALS, LLC (hereinafter "Maher Terminals" or "defendant") was and is a corporation with an office and place of business

2

located at 1210 Corbin Street, Elizabeth, NJ 07201 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

8. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION

9. On or about October 3, 2012, a consignment, consisting of 12 pallets of steel, stainless steel, and brass ball chains, then being in good order and condition, was laden into container GESU3929787, and was delivered to the M/V HANJIN LOS ANGELES and to defendants COSCO, Mare, and/or their agents at the port of Busan, Korea for transportation to New York, New York in consideration of an agreed upon freight, pursuant to Mare bill of lading MARENYP12100003.

10. Thereafter, the aforementioned consignment was loaded aboard the M/V HANJIN LOS ANGELES and the vessel sailed for its intended destination.

11. On or about October 27, 2012, the consignment arrived at the Port of New York and was discharged at Maher Terminals in Elizabeth, New Jersey.

12. On or about October 27, 2012, evacuations were underway in coastal areas of New Jersey, which faced the highest risk of flooding from the impending hurricane's storm surge.

13. Defendant Maher Terminals was located in a high risk flood zone.

14. On October 27, 2012 and days beforehand, the entire region braced and prepared for Hurricane Sandy, which was widely forecasted to make landfall on or about October 29, 2012.

15. Despite these clear and present warnings of the impending storm, defendants COSCO and Mare discharged, and defendant Maher Terminals accepted, the cargo into defendant Maher Terminals location on October 27, 2012.

16. On or about October 29, 2012, Hurricane Sandy made landfall.

17. Container GESU3929787 sustained severe water damage due to water infiltration as a result of tidal storm surge.

18. As a result, the cargo inside container GESU3929787 was damaged.

19. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

20. Defendants and/or their agents failed to take all reasonable measures and precautions to prevent damage to the subject cargo in light of the impending, forecasted, and highly publicized storm.

21. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $9,748.73.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $9,748.73, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: Morristown, New Jersey
      June 28, 2013
      428-01

                                      CASEY & BARNETT, LLP
                                      Attorneys for Plaintiff

                         By: _____
                                      Martin F. Casey
                                      Janine E. Brown
                                      25 Prospect Street
                                      Morristown, New Jersey 07960
                                      (973) 993-5161